UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRUCE PARKER,

              Plaintiff,

v.

HEIDI E. WASHINGTON et al.,

              Defendants.

_____/

Case No. 1:25-cv-758

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner. Plaintiff paid the applicable filing fees when Plaintiff initiated this action. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim as detailed below.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility in Carson City, Montcalm County, Michigan. The events

about which Plaintiff complains occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues MDOC Director Heidi Washington in her individual capacity and official capacity, and Plaintiff sues ICF Chaplain C. Cheney in his individual capacity. (Compl., ECF No. 1, PageID.1, 3–4.)

In Plaintiff's complaint, Plaintiff alleges that Defendant Washington "as Director of MDOC maintains policies and practices regarding the adherence to prisoners sincerely held religious beliefs, including MDOC Policy [Directive] 05.03.150, titled 'Religious Beliefs and Practices of Prisoners.'"[1] (Compl., ECF No. 1, PageID.4.) Plaintiff alleges that this policy "allows for prisoners who are Sunni Muslim to wear their religious head caps (Kufis) all the time not just to and from service, and Jewish prisoners likewise to wear their traditional religious head gear (Yamakas) all the time and not just to and from service." (*Id.*) Plaintiff alleges that in contrast, the policy denies "Muslims in the Nation of Islam the exact same right to wear [their] traditional religious head gear (Fez) [at all times] while restricting its wearing to and from religious services." (*Id.*, PageID.4–5.)

Further, Plaintiff alleges that "this same policy proselytize[s] and forces non-Jewish prisoner who[] [have] been approved to eat from the statewide religious Vegan diet to eat cold foods all Saturday in accordance with the Jewish holiday of Shabbat (Passover)." (*Id.*, PageID.5.) Plaintiff explains that "this cold meal requirement has no opt out option," and that it forces "non-Jewish prisoners . . . to either adhere to Jewish sincerely held religious beliefs or go without eating on Saturday." (*Id.*) Plaintiff claims that "the policy is unambiguous, the cold meals are a direct

---

[1] In this opinion, the Court corrects the punctuation and capitalization in quotations from Plaintiff's complaint.

result of adhering to someone's religious belief and not in response to some malfunction or emergency." (*Id.*)

Plaintiff alleges that "on August 11, 2022, Defendant Cheney sent Plaintiff a memorandum where he instruct[ed] Plaintiff to stop wearing [Plaintiff's] Fez as a member of the Nation of Islam," and stated that "if [Plaintiff] w[a]nted to wear it to change [Plaintiff's] religion to Sunni and at that point, [Plaintiff] could wear [Plaintiff's] Kufi cap headgear all the time." (*Id.*)

On October 10, 2022, non-party Officer Wood "issued Plaintiff a Notice of Intent to conduct a[n] administrative hearing due to [Plaintiff] eating from a regular diet while being approved to eat from the religious diet." (*Id.*, PageID.6.) On October 19, 2022, at the administrative hearing, "the administrative law judge found . . . the 'NOI written by Officer R. Wood to be improper based on the facts that there are not still photos of the food allegedly consumed by [Plaintiff]'" and that the statement "also failed to mention . . . the name of the actual food consumed or explain how it violate[d] a tenet of [Plaintiff's] religious beliefs." (*Id.*) Plaintiff claims that

> Defendant Washington's policy allows a[n] enforcement of a procedure which Plaintiff was subjected to that allows officers and prisons to punish and/or target prisoners approved to eat from a religious diet by making a policy that is silent on the process required in determining whether or not a prisoner approved to eat from the religious meal actually violates his/her beliefs by mere possession without requiring . . . a photo be taken of the food and that the officers or administration demonstrate and prove how a particular food violate[s] a prisoner's specific religious beliefs.

(*Id.*, PageID.6–7.)

Plaintiff alleges that "as a result of the above-stated policies, practices, and conduct of Defendants Washington [and] Cheney," Plaintiff "was denied [Plaintiff's] right to free practice [Plaintiff's] religion, which ultimately caused [Plaintiff] to withdraw from the Nation of Islam." (*Id.*, PageID.7–8.)

3

Based on the foregoing allegations, Plaintiff brings First Amendment free exercise of religion claims, Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), claims, and Fourteenth Amendment equal protection claims. (*Id.*, PageID.7–9.) Additionally, the Court construes Plaintiff's complaint to raise a First Amendment Establishment Clause claim. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. (*Id.*, PageID.9–10.)

## II.    Failure to State a Claim Standard

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.    Analysis

### A.    First Amendment Religious Exercise & RLUIPA Claims

Plaintiff alleges that Defendants Washington and Cheney violated his First Amendment right to the free exercise of religion and his rights under RLUIPA when Plaintiff, a member of the Nation of Islam, (i) was not permitted to wear a Fez at all times, (ii) was required to eat cold food on Saturday, and (iii) was required to attend an administrative hearing regarding possession of food from the regular diet, rather than the religious diet. (*See generally* Compl., ECF No. 1.)

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Accordingly, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.* While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To show that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held,

and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

"[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. "[A] 'substantial burden' must place more than an inconvenience on religious exercise." *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult . . . ." *Id.*

Further, in relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). "The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7).

"RLUIPA creates a burden-shifting framework for assessing prisoner claims." *Ackerman v. Washington*, 16 F.4th 170, 179 (6th Cir. 2021) First, a prisoner-plaintiff must show that (1) his "desired religious exercise is motivated by a 'sincerely held religious belief'" and (2) "the government is substantially burdening that religious exercise." *Id.* (citing *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019)). "If the prisoner successfully shows the state substantially burdens a sincere religious belief, the burden shifts to the government to justify the burden on the religious adherent under the 'daunting compelling interest and least-restrictive-means test,' with a

6

slight twist." *Id.* (quoting *Cavin*, 927 F.3d at 458). That is, "[c]ourts must give 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Id.* at 179–80 (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)).

The phrase "substantial burden" is not defined in RLUIPA. The Sixth Circuit has relied upon the Act's legislative history to conclude that the term has the same meaning under RLUIPA as provided by the Supreme Court in its "free exercise" decisions. *Living Water*, 258 F. App'x at 733–34. Accordingly, a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citations omitted). Thus, under the First Amendment or RLUIPA, Plaintiff must allege that his sincerely held religious beliefs have been substantially burdened.

### 1.    Wearing a Fez at All Times

#### a.    Free Exercise Clause Claims

Plaintiff alleges that Defendant Washington "as Director of MDOC maintains policies and practices regarding the adherence to prisoners sincerely held religious beliefs, including MDOC Policy [Directive] 05.03.150, titled 'Religious Beliefs and Practices of Prisoners." (Compl., ECF No. 1, PageID.4.) Plaintiff alleges that pursuant to this policy, "Muslims in the Nation of Islam [are] . . . restrict[ed]" from wearing their "traditional religious head gear (Fez)" at all times, and instead, may only wear it "to and from religious services." (*Id.*, PageID.4–5.) Additionally, Plaintiff alleges that "on August 11, 2022, Defendant Cheney sent Plaintiff a memorandum where he instruct[ed] Plaintiff to stop wearing [Plaintiff's] Fez as a member of the Nation of Islam," and

stated that "if [Plaintiff] w[a]nted to wear it to change [Plaintiff's] religion to Sunni and at that point, [Plaintiff] could wear [Plaintiff's] Kufi cap headgear all the time." (*Id.*, PageID.5.)

As this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to Plaintiff. Under these circumstances, at this early stage of the proceedings, the Court will not dismiss Plaintiff's First Amendment free exercise claims against Defendants Washington and Cheney regarding Plaintiff wearing a fez at all times.

### b. RLUIPA Claims

RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd*, *Sossamon v. Texas*, 563 U.S. 277 (2011);[2] *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[3]

Moreover, RLUIPA does not permit damages claims against prison officials in their official capacities. A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989);

---

[2] The United States Supreme Court granted certiorari only on the question of "[w]hether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

[3] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567–69. The Sixth Circuit stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

8

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA.

Here, Plaintiff sues Defendant Washington in her individual capacity and official capacity, and Plaintiff sues Defendant Cheney in his individual capacity. However, as explained above, Plaintiff may only raise a RLUIPA claim for injunctive or declaratory relief against Defendants in their official capacities. Therefore, any intended RLUIPA claims against Defendant Washington in her official capacity for monetary damages will be dismissed. Moreover, because Plaintiff does not sue Defendant Cheney in his official capacity, all of Plaintiff's RLUIPA claims against Defendant Cheney will be dismissed. Additionally, any intended RLUIPA claims against Defendant Washington in her individual capacity will be dismissed. At this early stage of the proceedings, the Court will permit Plaintiff to proceed on Plaintiff's RLUIPA claim against Defendant Washington in her official capacity for declaratory and injunctive relief regarding wearing a fez at all times.

### 2.    Eating Cold Food on Saturday

As to Plaintiff's claims regarding the policy that requires inmates, such as Plaintiff, who receive the vegan religious diet to eat cold food on Saturday because the diet also accommodates Jewish individuals who "eat cold foods all Saturday in accordance with the Jewish holiday of Shabbat (Passover)," as explained below, Plaintiff fails to show that this substantially burdened the free exercise of Plaintiff's religion. (Compl., ECF No. 1, PageID.5.)

Specifically, it is clear that Plaintiff would *prefer* not to eat cold food on Saturday; however, Plaintiff fails to allege any facts to suggest that Plaintiff's desire not to eat cold food stemmed from Plaintiff's religious beliefs. And, Plaintiff does not allege that his religious beliefs prevent him from eating cold food. Instead, the facts alleged by Plaintiff suggest that Plaintiff simply had a personal preference not to eat cold food. The facts alleged by Plaintiff, therefore, do not suggest that Plaintiff's religious exercise was substantially burdened by the MDOC's policy regarding the nature of the vegan religious diet meals served on Saturdays.

Accordingly, Plaintiff's First Amendment free exercise and RLUIPA claims regarding eating cold food on Saturday will be dismissed for failure to state a claim.

### 3. Administrative Hearing Regarding Possession of Food from the Non-Religious Diet

As relevant to Plaintiff's claims about receiving an administrative hearing regarding possession of food from the regular diet when Plaintiff participates in the vegan religious diet, Plaintiff alleges that

> Defendant Washington's policy allows a[n] enforcement of a procedure which Plaintiff was subjected to that allows officers and prisons to punish and/or target prisoners approved to eat from a religious diet by making a policy that is silent on the process required in determining whether or not a prisoner approved to eat from the religious meal actually violates his/her beliefs by mere possession without requiring . . . a photo be taken of the food and that the officers or administration demonstrate and prove how a particular food violate[s] a prisoner's specific religious beliefs.

(Compl., ECF No. 1, PageID.6–7.) Plaintiff's factual allegations in support of this claim are not a model of clarity. Regardless, Plaintiff fails to show how holding a hearing regarding Plaintiff's possession of food that is not part of the vegan religious diet that Plaintiff participates in would place any burden on Plaintiff's religious beliefs, let alone place a substantial burden on Plaintiff's religious beliefs.

Therefore, Plaintiff's First Amendment free exercise and RLUIPA claims regarding the holding of an administrative hearing for Plaintiff possessing regular diet food will be dismissed for failure to state a claim.

**B.      First Amendment Establishment Clause Claims**

The Court generously construes Plaintiff's complaint to raise a First Amendment Establishment Clause claim regarding the policy that requires inmates, such as Plaintiff, who receive the vegan religious diet to eat cold food on Saturday because the diet also accommodates Jewish individuals who "eat cold foods all Saturday in accordance with the Jewish holiday of Shabbat (Passover)." (Compl., ECF No. 1, PageID.5.) Plaintiff alleges that "this same policy proselytize[s] and forces non-Jewish prisoner who[] [have] been approved to eat from the statewide religious Vegan diet to eat cold foods all Saturday in accordance with the Jewish holiday of Shabbat (Passover)." (*Id.*, PageID.5.) Plaintiff explains that "this cold meal requirement has no opt out option," and that it forces "non-Jewish prisoners . . . to either adhere to Jewish sincerely held religious beliefs or go without eating on Saturday." (*Id.*)

"[T]he Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" *Lee v. Weisman*, 505 U.S. 577, 587 (1992). However, in *Cutter v. Wilkinson*, 544 U.S. 709 (2005), the United States Supreme Court explained that "[t]his Court has long recognized that the government may . . . accommodate religious practices . . . . without violating the Establishment Clause." *Id.* at 713 (citation omitted). Applying these principles, the fact that the MDOC accommodated other religions in their vegan religious diet does not show an Establishment Clause violation. Accordingly, any intended First Amendment Establishment Clause claims will be dismissed for failure to state a claim.

11

**C.     Fourteenth Amendment Equal Protection Claims**

Plaintiff brings Fourteenth Amendment equal protection claims against Defendants Washington and Cheney. (Compl., ECF No. 1, PageID.8.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff alleges that Defendants Washington and Cheney "discriminated against Plaintiff based solely on [Plaintiff] being a Muslim and member of the Nation of Islam," and that "Plaintiff was denied fair and equal treatment." (Compl., ECF No. 1, PageID.8.)

As to Plaintiff being required to eat cold food on Saturday as part of the vegan religious diet and being subjected to an administrative hearing for possessing regular diet food, as explained below, Plaintiff fails to state an equal protection clause claim. Specifically, Plaintiff fails to allege any facts to suggest that Plaintiff was treated differently than other inmates. Instead, Plaintiff's own allegations show that all inmates participating in the vegan religious diet received cold food on Saturdays, and that all inmates were subject to a potential administrative hearing if they possessed regular diet food when they participated in the religious diet. Under these circumstances, with respect to eating cold food on Saturday and being subject to administrative hearing when

12

found in possession of non-religious diet food, Plaintiff fails to allege any facts to suggest that he was treated differently than others who were similarly situated. However, with respect to Plaintiff's Fourteenth Amendment equal protection claims against Defendants Washington and Cheney regarding wearing a fez at all times, at this early stage in the proceedings, the Court will not dismiss this claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that the following claims against Defendants Washington and Cheney will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c): (i) First Amendment free exercise claims against Defendants Washington and Cheney regarding eating cold food on Saturday and the holding of an administrative hearing for Plaintiff possessing regular diet food, (ii) all RLUIPA claims against Defendant Cheney, (iii) all RLUIPA claims against Defendant Washington in her individual capacity, (iv) all RLUIPA claims against Defendant Washington in her official capacity for monetary damages, (v) RLUIPA claims against Defendant Washington in her official capacity regarding eating cold food on Saturday and the holding of an administrative hearing for Plaintiff possessing regular diet food, (vi) First Amendment Establishment Clause claims, and (vii) Fourteenth Amendment equal protection claims regarding eating cold food on Saturday and the holding of an administrative hearing for Plaintiff possessing regular diet food. The following claims remain in the case: (i) Plaintiff's First Amendment free exercise claims against Defendants Washington and Cheney regarding Plaintiff wearing a fez at all times, (ii) RLUIPA claim against Defendant Washington in her official capacity for declaratory and injunctive relief regarding

13

wearing a fez at all times, and (iii) Fourteenth Amendment equal protection claims against Defendants Washington and Cheney regarding wearing a fez at all times.

An order consistent with this opinion will be entered.

Dated:    March 27, 2026                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge